IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RAYMOND P. OWENS, #214918, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:10-CV-652-TMH |
| ) | |
| CORRECTIONAL MEDICAL SERVICES, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Raymond P. Owens ["Owens"], a state inmate, complains the defendants failed to provide him adequate medical treatment for his right shoulder during his confinement pursuant to an Alabama criminal conviction. In his original complaint, the plaintiff named the Alabama Department of Corrections as a defendant in this cause of action. In the amendment to the complaint filed by Owens on September 7, 2010, Owens names Gary Copes, the warden of Southeast Correctional Center, a private prison in Basile, Louisiana, and warden Stridel, the warden of a private prison in Perry County, Alabama, as defendants in this cause of action.

Upon review of the complaint, as amended, the court concludes that the plaintiff's claims against the Alabama Department of Corrections are due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1] The court further concludes that Owens' claims with respect to the constitutionality of medical treatment provided to him at private correctional facilities outside the jurisdiction of this court should be dismissed without prejudice so

---

[1] Although the court required payment of an initial partial filing fee, it granted Owens leave to proceed *in forma pauperis*. *Order of August 2, 2010 - Court Doc. No. 3*. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action is frivolous or malicious; ... fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

that the plaintiff may present these claims to the appropriate federal court.

## DISCUSSION

### A. The Alabama Department of Corrections

The law is well-settled that state agencies are absolutely immune from suit. *Papasan v. Allain*, 478 U.S. 265 (1986) (Unless the State or its agency consents to suit, the plaintiff cannot proceed against such defendant as the action is proscribed by the Eleventh Amendment and "[t]his bar exists whether the relief sought is legal or equitable."). Any claims lodged against the Alabama Department of Corrections are therefore frivolous as such claims are "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2] Consequently, the claims presented by Owens against the Alabama Department of Corrections are subject to summary dismissal pursuant to the directives of 28 U.S.C.§ 1915(e)(2)(B)(i).

### B. Claims Beyond the Jurisdiction of this Court

Owens maintains that during his incarceration at private correctional facilities in Basile, Louisiana and Perry County, Alabama officials at these facilities denied him adequate medical treatment for his shoulder injury. *Plaintiff's Amendment to the Complaint - Court Doc. No. 6* at 1. Defendant Copes and those individuals personally responsible for the medical treatment provided to Owens at the Southeast Correctional Center reside in the State of Louisiana. Those actions relevant to the alleged denial of adequate medical treatment occurred within the jurisdiction of the United States District Court for the Western District of Louisiana. With respect to the claims related to the medical treatment Owens received while incarcerated at the private correctional facility in Perry County, Alabama , defendant Stridel and all other individuals actually responsible for this

---

[2] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to 28 U.S.C. § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

treatment reside in the Northern District of Alabama. Moreover, the actions relevant to these claims occurred within the jurisdiction of the aforementioned district court. Thus, the claims asserted by Owens with respect to the actual medical treatment provided to him while incarcerated in Basile, Louisiana and Perry County, Alabama are beyond the venue of this court. However, it is clear from the face of the complaint that the proper venue for these claims are the United States District Court for the Western District of Louisiana and the United States District Court for the Northern District of Alabama, respectively.

In light of the foregoing, the court concludes that in the interest of justice, Owens' challenges to the medical treatment provided to him while incarcerated in Basile, Louisiana and Perry County, Alabama are due to be dismissed without prejudice so that the plaintiff can pursue his claims in the federal court with proper jurisdiction.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the Alabama Department of Corrections be dismissed with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The Alabama Department of Corrections be dismissed as a defendant in this cause of action.

3. The plaintiff's challenges to the constitutionality of the medical treatment provided to him during his incarceration at the Southeast Correctional Center in Basile, Louisiana and the private correctional facility in Perry County, Alabama be dismissed without prejudice.

4. Defendants Copes and Stridel be dismissed as parties to this cause of action.

5. This case, with respect to the allegations set forth against the remaining defendants, be

referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before September 23, 2010 the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 9th day of September, 2010.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE